IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02402-RBJ-KLM

TAYLOR MOUDY,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director,
SHAWNA NYGAARD, Chapel Lt., and
DONALD O'DELL, Regional Volunteer Coord.,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Disqualify Attorney General** [#12][1] (the "Motion to Disqualify") and on Plaintiff's **Motion for Appointment of Counsel** [#16] (the "Motion for Appointment")[2]. For the reasons set forth below, the Motions [#12, #16] are **DENIED**.

### I. Summary of the Case

Plaintiff, who is proceeding pro se,[3] filed a Complaint [#1] on October 4, 2017,

---

[1] [#12] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

[2] Defendants filed an untimely Response [#15] to the Motion to Disqualify [#12] which the Court therefore does not consider here. No Response was filed to the Motion for Appointment [#16].

[3] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual

alleging that Defendants—all state employees working at the Colorado Department of Corrections and represented by the Attorney General ("AG")—have imposed unreasonable burdens on Plaintiff's religious practice of Asatru. *Compl.* [#1] at 4. Plaintiff's Motion to Disqualify [#12] is premised on Plaintiff's belief that the AG may not represent Defendants because neither Colorado's Constitution nor the General Assembly vest that authority with the AG. Plaintiff's Motion for Appointment [#16] is based on Plaintiff's assertion that he lacks the resources to properly litigate his case.

## II. Analysis

**A.     Motion to Disqualify**

Plaintiff seeks to disqualify the AG from representing Defendants on the grounds that "no license exists authorizing the AG to" represent employees of the "Executive Branch." *Motion to Disqualify* [#12] at 2.[4] Plaintiff argues that although Article IV of the Colorado Constitution requires that the AG "perform duties as are prescribed by [the Colorado] Constitution or by law," the Colorado Constitution does not enumerate any powers and therefore, the AG only has that authority vested by the General Assembly. *Motion to Disqualify* [#12] at 1-2. Plaintiff argues that because the General Assembly "confers no exclusive right to [the AG to] defend civil actions" and because "the General

---

allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[4] Plaintiff also asks the Court to take judicial notice of "undisputed facts" and other various propositions. *Motion to Disqualify* [#17] at 3-4. The Court has taken judicial notice of these only to the extent relevant and material to resolution of the present Motions.

Assembly . . . confers no right [to the AG] to act as defense counsel for the executive [branch] . . . ," the AG may not represent Defendants. *Motion to Disqualify* [#12] at 1-2. Plaintiff does not argue that the Court should disqualify the AG on legal ethics grounds. *See generally Motion to Disqualify* [#12].

"A motion to disqualify counsel is addressed to the sound discretion of the district court." *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994). The Court should evaluate motions to disqualify with suspicion, and it must be aware that such motions may be used to "secure a tactical advantage in the proceedings." *Pappas v. Frank Azar & Assoc., P.C.*, No. 06-cv-01024-MSK-BNB, 2007 WL 4224196, at *6 (D. Colo. Nov. 27, 2007) (citing *Religious Tech. Ctr. v. F.A. C.T. Net, Inc.*, 945 F. Supp. 1470, 1478 (D. Colo. 1996)). Thus, the moving party bears the burden of establishing grounds for the disqualification. *World Youth Day*, 866 F. Supp. at 1299.

Plaintiff admits that the Colorado Constitution or other laws define the AG's authority. *Motion to Disqualify* [#12] at 1-2. His argument fails, however, because it overlooks statutorily vested authority allowing the AG to represent state employees. *See, e.g.*, Colo. Rev. Stat. §§ 24–31–101(1)(a), (4). "The attorney general of the state shall be the legal counsel for each department division . . . and agency of the state government . . . ." COLO. REV. STAT. § 24–31–101(1)(a). "Upon the request of any employee in the state personnel system, it is the duty of the [AG] to represent such employee in any civil action . . . if the action or proceeding arises out of the employee's official duties as determined by the attorney general." COLO. REV. STAT. §§ 24–31–101(4). Because Defendants are employees of the state and because the lawsuit arose out of Defendants' official duties as determined by the AG, the AG is authorized to represent them. Therefore, the Motion to

Disqualify [#12] is **denied**.[5]

**B.     Motion for Appointment of Counsel**

Plaintiff requests that the Court appoint counsel to represent him.  See *Motion to Appoint* [#16].  The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case.  Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines, in its discretion, that it is appropriate to do so.

The Court will only seek volunteer counsel for a pro se plaintiff if consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential merit of the pro se party's claims; (3) the demonstrated inability of the pro se party to retain counsel by other means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.  *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)) (identifying the following factors for consideration by the Court in determining whether volunteer counsel should be appointed: (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to present his claims himself; and (4) the complexity of the legal issues raised).  As part of the fourth factor, the Court also considers whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753

---

[5]  A disqualification motion "is among the nondispositive matters which a magistrate judge may decide." *McCans v. City of Truth or Consequences*, 360 F. App'x 964, 966 (10th Cir. 2010) (citing *Hutchinson v. Pfeil*, 105 F.3d 562, 565 (10th Cir. 1997)).

F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. See Rucks, 57 F.3d at 979.

Plaintiff has demonstrated his ability to frame facts and discuss legal issues. See, e.g., Motion to Disqualify [#12]. The legal issues presented are not overly complex, novel, or particularly difficult to state or analyze. See Compl. [#1]. The fact that Plaintiff's incarcerated status has made it difficult for him to obtain representation and represent himself does not, by itself, warrant the need for volunteer counsel. Although mindful of the difficulties faced by pro se parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. See, e.g., Mallard, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e)] to license compulsory appointments of counsel . . . ."); Custard v. Turner, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, the Court finds that this Plaintiff's particular circumstances, at present, do not merit the appointment of counsel.

Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his lack of legal training and incarcerated status. To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. See Green v. Dorrell, 969 F.2d

915, 917 (10th Cir. 1992).

Accordingly, based on the foregoing and the entire record in this case, the Motion for Appointment [#16] is **denied**.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion to Disqualify [#12] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for Appointment [#16] is **DENIED**.

Dated: July 10, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge