IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02402-RBJ-KLM

TAYLOR MOUDY,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director,
SHAWNA NYGAARD, Chapel Lt., and
DONALD O'DELL, Regional Volunteer Coord.,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Request for Ruling on Judgment of Pleadings** (the "Motion") [#17][1]. Defendant did not file a response. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion [#17] has been referred to the undersigned for a recommendation regarding disposition. *See* [#18]. The Court has reviewed the Motion [#17], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#17] be **DENIED**.

---

[1] [#17] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Recommendation.

-1-

## I. Summary of the Case

Plaintiff, who is proceeding pro se,[2] alleges that Defendants—all state employees working at the Colorado Department of Corrections and represented by the Attorney General ("AG")—have imposed unreasonable burdens on Plaintiff's religious practices. *Compl.* [#1] at 4. On February 26, 2018, Plaintiff moved to disqualify the AG from representing Defendants. Defendants filed a Response [#15] on March 20, 2018. Plaintiff then filed the present Motion [#17] for a "Ruling on Judgment of Pleadings," arguing that Defendants conceded that the AG is disqualified from representing them by filing an untimely Response [#15] and therefore that a "decla[r]ation of [j]udgment" in Plaintiff's favor is warranted. *Motion* [#17] at 2. This Recommendation assesses the merits of the Motion [#17].[3]

## II. Standard of Review

Put most simply, Plaintiff's request for "a declaration of judgment in [his] favor" due to Defendants' untimely Response [#15] to his Motion to Disqualify Attorney General appears to be nothing more than a misguided request by a pro se litigant who does not understand the effect of the late Response [#15] on his case. Or perhaps it is simply a wrong-headed attempt to take advantage of a relatively benign mis-step by his

---

[2] The Court must construe liberally the filings of pro se litigants. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] The merits of the Motion to Disqualify [the] Attorney General [#12] are addressed in a separate order.

opponent—the well-known litigation "Gotcha!" Nevertheless, giving Plaintiff every benefit of the doubt, Plaintiff's Motion [#11] is most similar to a request for entry of judgment on the pleadings under Fed. R. Civ. P. 12(c), so the Court turns to the Rule.

The purpose of a Rule 12(c) motion is "to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings." *Kellar v. U.S. Dep't of Veteran's Affairs*, No. 08-cv-00761-WYD-KLM, 2009 WL 1706719, at *1 (D. Colo. June 17, 2009) (citing 5C ARTHUR R. MILLER & MARY KAY KANE, FED. PRAC. & PROC. § 1367 (3d ed.)). However, "[a] motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." *Id.* at *1 (internal citation omitted). "Judgment on the pleadings should not be granted unless the moving party clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006) (citations omitted).

### III. Analysis

Plaintiff argues that "Defendants exceeded time for a response to lapse [sic] for opposing the" Motion to Disqualify [#12], which "constitutes [an] admission [that] the [AG's] office should be disqualified as counsel." *Motion* [#17] at 2. Plaintiff also asks the Court to take judicial notice of a variety of factual and legal allegations presented in the Motion to Disqualify [#12]. *Motion* [#17]. Defendants did not file a Response.

Regardless of whether Plaintiff is correct that Defendants filed their response late, the Court need not address that issue when ruling on the Motion [#17]. First, there is no

requirement that Defendants file a Response to the Motion to Disqualify [#12] at all, so doing so allegedly late has no bearing on the underlying claims in this case. It goes without saying that a failure to timely respond to such a motion is <u>not</u> an admission of the merits of the motion, despite Plaintiff's insistence to the contrary. Second, the Court is aware of no authority holding that judgment on the pleadings is appropriate under the circumstances presented in this matter. Plaintiff's Motion [#17] is most accurately interpreted as an attempt to achieve judgment in his favor by asking the Court to accept his allegations as true and indisputable. Unsurprisingly, doing so would be completely contrary to the American adversarial system of justice, and frankly, would be a dream come true for many (if not all) plaintiffs.

It is clear in this case that both parties still dispute material factual issues. *Compare generally Compl.* [#1] *with Answer* [#11]. The parties have not stipulated to any facts after filing the Complaint [#1] and Answer [#11]. Because material factual disputes remain, the Court may not rule on the merits of the case at this time. Accordingly, because there remain disputed and material issues of fact, the Court **recommends** that the Motion [#17] be **denied**.

### IV. Conclusion

IT IS HEREBY **RECOMMENDED** that the Motion [#17] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-148 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-1413 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: July 10, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge