IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02402-RBJ-KLM

TAYLOR MOUDY,

    Plaintiff,

v.

RICK RAEMISCH, Executive Director,
SHAWNA NYGAARD, Chapel Lt., and
DONALD O'DELL, Regional Volunteer Coord.,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on its Order to Show Cause [#42][1] issued on January 10, 2019. The Court stated in the Order to Show Cause:

> Although Plaintiff is proceeding in this lawsuit without an attorney, he bears the responsibility of prosecuting his case with due diligence. The Court must liberally construe pro se filings; however, pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).
>
> Plaintiff's current address with the Court shows that he is incarcerated at Sterling Correctional Facility. The Court's review of the electronic docket in this case demonstrates that Plaintiff has filed nothing since his Motion for Summary Judgment [#20], dated by him on May 30, 2018, at which time he indicated that he was still incarcerated at Sterling Correctional Facility. However, Defendants assert in their July 27, 2018 Response to Plaintiff's Motion for Summary Judgment [#35] that Plaintiff is now incarcerated at

---

[1] [#42] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order to Show Cause.

-1-

Buena Vista Correctional Facility. *Response* [#35] at 11. Defendants further provide evidence in connection with their October 29, 2018 Motion for Summary Judgment [#39] that Plaintiff is at Buena Vista Correctional Facility. *See* [#39-8]. The Court's January 10, 2019 independent review of the Colorado Department of Corrections Offender Search, https://www.doc.state.co.us/oss/, indicates that Plaintiff does appear to be incarcerated at Buena Vista Correctional Facility. Although the Court has issued a number of orders in this case since May 2018, no mail sent to Plaintiff at Sterling Correctional Facility has been returned to the Court as undeliverable.

Pursuant to the Court's Local Rules, specifically D.C.COLO.LCivR 5.1(c), "[n]otice of change of name, mailing address, or telephone number of an unrepresented prisoner or party shall be filed not later than five days after the change." Plaintiff was directly warned at the April 4, 2018 Scheduling Conference that if his mailing address changes while his case is pending, he must provide the Clerk's office with his new address. *See* [#19-1] at 1.

On November 29, 2018, the Court issued a Minute Order [#41] ordering Plaintiff to file a Notice providing his current mailing address no later than December 17, 2018. Plaintiff was warned that "[f]ailure to comply with this Order may result in sanctions, up to and including the dismissal of this lawsuit for failure to prosecute and failure to comply with a Court order."

In the same November 29, 2018 Minute Order [#41], the Court noted that Plaintiff has not filed a Response to Defendants' Motion for Summary Judgment [#39], filed on October 29, 2018. Pursuant to D.C.COLO.LCivR 7.1(d), "[t]he responding party shall have 21 days after the date of service of a motion, or such lesser or greater time as the court may allow, in which to file a response." The Court noted that Plaintiff's time to respond as provided by the Local Rule had elapsed. However, the Court provided Plaintiff with one last chance to respond to Defendants' Motion for Summary Judgment [#39], permitting him to file a response by December 21, 2018. To date, Plaintiff has neither done so nor requested an extension of time to do so.

As noted, Plaintiff has not contacted the Court formally or informally since May 30, 2018. He has failed to prosecute his case by failing to update his address, by failing to respond to Defendant's Motion for Summary Judgment [#39], and by failing to comply with the Court's November 29, 2018 Minute Order providing him with an opportunity to correct these deficiencies. No mail has been returned to the Court as undeliverable. On the whole, it appears that Plaintiff no longer has any desire to pursue his litigation in this case.

Thus, the Court ordered Plaintiff to show cause in writing and filed on the docket, as to why this case should not be dismissed for his failure to prosecute this lawsuit and comply with the Local Rules and Court orders. *See, e.g.*, *Myers v. [No Named Defendant]*, No. 07-cv-02421-BNB, 2008 WL 608311 (D. Colo. Mar. 4, 2008) (failure to communicate properly with Court, including failure to inform Court of change of address, resulted in dismissal without prejudice). Plaintiff was warned that "[f]ailure to respond to this Order to Show Cause will result in sanctions, up to and including the dismissal of this lawsuit." Given the uncertainly of Plaintiff's current location, the Court ordered the Clerk of Court to mail a copy of the Order to Show Cause to Plaintiff at (1) his address currently on the electronic docket, and (2) Taylor Moudy, #150369, Buena Vista Correctional Facility, P.O. Box 2017, Buena Vista, Colorado 81211. The mailing sent to Buena Vista Correctional Facility was returned as undeliverable, *see* [#43], but there has been no return of the mailing sent to Sterling Correctional Facility. The January 31, 2019 deadline for Plaintiff to respond to the Order to Show Cause has passed with no filing of any kind from Plaintiff.

It is clear from this record that Plaintiff has no present intention of seeking resolution of this matter on the merits. Plaintiff has failed to update his contact information with the Court and, thus, the Court and Defendant have no means of contacting him in connection with this litigation. Further, Plaintiff has disobeyed several direct orders from the Court by failing to file a response to the Order to Show Cause [#42], failing to update his address pursuant to Minute Order [#41], and failing to file a Response to Defendants' Motion for Summary Judgment [#39] pursuant to Minute Order [#41]. May 30, 2018 was the date of the last mailing by Plaintiff to the Court. These facts demonstrate that Plaintiff has abandoned his lawsuit. Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#42] is **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's lawsuit be **DISMISSED without prejudice**.[2]  See *Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017) (stating that, if dismissal is without prejudice, the *Ehrenhaus* factors need not be analyzed).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 5, 2019

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge

---

[2] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); see *Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness).